The CHIEF JUSTICE
delivered the opinion of the court.
It appears from the record that the decree disposed of the whole matter in controversy upon tl^e claim of Withenbury & Doyle. It was final as to them and their rights, and it Was final also so far as die claimants and their rights are concerned as to the United States. It left nothing to be litigated between these parties. It awarded execution in favor of the libellants against the claimants.
We think that such a decree in a prize cause must be regarded as final within the meaning of the Judiciary Acts, and that we have jurisdiction of the appeal from it.
The appeals in The Bermuda case, and in the case of the Alexander cotton, were of the same character with that now before us. In neither of these cases had all matters arising upon the libel and the claims been finally disposed of. In the first the appeal was by claimants of part of the property libelled, whose claims had been dismissed and the property claimed -by them condemned. In the other the gppeal was by the United States from a decree of restitution in favor of a claimant of' part of the property libelled, in the same consolidated cause from a decree in which, against another claimant, the appeal -which we are now asked to dismiss was taken.
It is true, that in the cases just referred to no question of jurisdiction was made at the bar, but it existed necessarily in each cause, and was practically determined in favor of the jurisdiction, and, as we still ,think, rightly determined.
The motion to dismiss is therefore denied.
The motion to dismiss the appeal in Le More v. United *822 States depends on like, facts and the same principles with that just decided, and must álso be denied.
Mr. Justice CLIFFORD dissented.